**BURK & REEDY, LLP and James Eddy Burk, Esquire, Attorney, Appellants**

v.

**AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, Appellee.**

No. 15–7044.

United States Court of Appeals, District of Columbia Circuit.

Feb. 26, 2016.

James Eddy Burk, Esquire, Burk & Reedy LLP, Thomas W. Farquhar, Law Office of Thomas Farquhar, Washington, DC, for Appellants.

William Joseph Carter, Carr Maloney PC, Washington, DC, Adam Mason Smith, Coughlin Duffy LLP, New York, NY, for Appellee.

Before: GARLAND, Chief Judge, ROGERS, Circuit Judge, and GINSBURG, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court and on the briefs and the oral arguments of the parties. Although the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* D.C.Cir.

Rule 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Gratian Yatsevitch's claims against James Burk and his law firm, Burk & Reedy, LLP, come within the "business enterprise" exclusion in Burk & Reedy, LLP's professional liability insurance contract with American Guarantee. All the claims in Yatsevitch's original and amended complaints stem—at least in part—from Burk's conduct on behalf of CTI, a business venture in which Burk owned a "controlling interest" as that phrase is defined in the insurance contract. Even the malpractice claim that Burk asserts is most clearly outside the business enterprise exclusion—that Burk improperly conveyed Yatsevitch's house out of the Howe Trust—involves a transaction that was undertaken for the purpose of securing financing for CTI. Because Burk's alleged representation and the resultant claims arose, at least in part, out of Burk's activities on behalf of CTI, American Guarantee has no duty either to defend or to indemnify Burk or Burk & Reedy, LLP in the underlying action. Accordingly, we need not decide whether Mr. Yatsevitch's claims also come within the "capacity or status" exclusion in the insurance contract.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.